```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICKEY WOLZ                                     CIVIL ACTION

VERSUS                                          NO: 13-5112

BP EXPLORATION & PRODUCTION,                    SECTION: J
INC. and B&S WELDING, INC.
```

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* filed by Defendant B&S Welding, Inc. (hereinafter "B&S") **(Rec. Doc. 28)**. Plaintiff has not filed an opposition. Considering the motion and the record, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, an employee of DSX Enterprises, Inc., alleges that he was injured aboard the MAD DOG platform, owned and operated by BP Exploration & Production, Inc. (hereinafter "BP"), as the result of improper rigging used on the platform. Plaintiff claims that when a rigger, allegedly employed by B&S, began to unrig an improperly installed chain fall, Plaintiff's hand was crushed by a piece of falling equipment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56©); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th

Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

It will be Plaintiff's burden of proof at trial to show that B&S is liable for his injuries. Plaintiff must therefore submit sufficient evidence to show that a reasonable jury could find B&S liable for his injuries. Plaintiff admits that he does not remember the name of the rigger involved in the incident. (Rec. Doc. 28-2, p. 4). B&S points out that Plaintiff has failed to

offer any information identifying the rigger's employer as B&S, or as any other entity. B&S has submitted the affidavit of James T. Bourne, the owner of B&S, who asserts that B&S has never performed any work for BP and did not perform any work on the MAD DOG platform. (Rec. Doc. 28-3, p. 1-2). Plaintiff has submitted no evidence to show that any employee of B&S was present on the platform at the time of the incident.

The Court therefore finds that B&S has successfully pointed to an absence of evidence to support Plaintiff's claims against it, and there is thus no genuine issue of material fact as to whether B&S is liable for Plaintiff's injuries.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that B&S's *Motion for Summary Judgment* **(Rec. Doc. 28)** is **GRANTED.**

**IT IS FURTHER ORDERED** that all claims by Plaintiff against B&S Welding, Inc. are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 10th day of April, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE