UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| RICKEY WOLZ | * | NO: | 13-5112 |
| | * | | |
| VERSUS | * | SECTION: | J |
| | * | JUDGE CARL J. BARBIER | |
| BP EXPLORATION & PRODUCTION, INC. | * | MAGISTRATE: | 3 |
| AND B & S WELDING, INC. | * | JUDGE DANIEL E. KNOWLES, III | |

*****************************************************************************

## PLAINTIFF'S WITNESS AND EXHIBIT LIST

NOW INTO COURT, through undersigned counsel, comes plaintiff, RICKEY WOLZ, who submits the following list of witnesses and exhibits upon which he may rely at trial:

## WITNESS LIST

1.   Rickey Wolz- fact witness to testify concerning all facts surrounding the accident, his medical treatment, his damages and all other issues;

2.   Cynthia Grimes Wolz - fact witness to discuss affect accident has had on plaintiff including physically, emotionally, and financially;

3.   Any and all BP Exploration and Production, Inc. employees or former employees to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages.  Such witnesses include but are not limited to:

   (1)   Allen Turnage;
   (2)   Louis Verrett;
   (3)   Marty Colvin;
   (4)   Andrew Koblenzer;
   (5)   Matin Sanchez;
   (6)   Robert Kretzer;
   (7)   Beth Atwood;
   (8)   Trent Barron;
   (9)   Betsy Cleland;
   (10)  Scherie Doulglas;
   (11)  James Long;
   (12)  John P. Morgan;

  (13) Chris Rawlson;
  (14) Chris Reinekie;

4. Any and all Grand Isle Shipyards, Inc. employees or former employees to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages.  Such witnesses include but are not limited to:

  (1) Wesley Rozas;
  (2) Ricky McLemore;
  (3) Wade Hebert;
  (4) Josean Irizarry Almovodar;
  (5) Romy Arante;
  (6) Armondo Castillo;
  (7) Jesus Pacheco, Jr.;
  (8) Frankie Price;
  (9) Raul Ramos;
  (10) Edwin Rodriguez;
  (11) Renato Roman;
  (12) Jose Villareal;

5. Any and all DXP Enterprises, Inc. employees or former employees to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages.   Such witnesses include but are not limited to:

  (1) Lawrence Hanrahan;

6. Any and all Danos & Curole employees or former employees to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages.   Such witnesses include but are not limited to:

  (1) Barrett Best;

7. Any and all Bishop Lifting employees or former employees to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior

to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages.   Such witnesses include but are not limited to:

    (1)    Frederick Greer;
    (2)    Brent Broussard;

8.    Any and all medical providers or healthcare providers to Rickey Wolz at any time including but not limited to:

    (1)    Dr. Jonathan Boraski, Westbank Plastic Surgery;
    (2)    A Representative of West Jefferson Medical Center;
    (3)    A Representative of Crescent City Anesthesia Services;
    (4)    A Representative of Magnolia Physical Therapy;
    (5)    A Representative of Concentra Medical Center;
    (6)    A Representative of Slidell Memorial Hospital;
    (7)    A Representative of Northshore Chiropractic Clinic;
    (8)    Dr. David J. Hildebrandt, DDS;
    (9)    Dr. William H Dabdoub, Associated Foot Surgeons;
    (10)    A Representative of Northshore Regional Medical Center (Ochsner);
    (11)    A Representative of Ochsner Clinic (Northshore/Mandeville)
    (12)    A Representative of Ochsner Medical Center (New Orleans Main Campus);
    (13)    A Representative of Ochsner Northshore Medical Center (Slidell);
    (14)    Dr. Eric Tabor, Northshore Dermatology;
    (15)    A Representative of St. Tammany Parish Hospital;
    (16)    A Representative of Walgreen Company;

    Expert testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition.

9.    Dr. Cornelius E. Gorman - vocational rehabilitation expert to provide expert testimony concerning loss of wage earning capacity sustained by plaintiff, plaintiff's vocational assessment for future employment including areas of employment and plaintiff's wage earning capacity in light of his injury, surgery, background, area in which he lives and physical limitations;

10.    G. Randolph Rice - expert economist to provide expert testimony concerning the present day value of plaintiff's loss of past and future wages, fringe benefits and other financial losses as a result of plaintiff's injury and subsequent restrictions;

11.    Robert E. Borison - marine safety expert to provide expert testimony concerning all issues of negligence, liability, dangerous acts, actions below the standard of care in the industry and all issues of negligence or liability on the part of the defendants as well as any alleged comparative fault on the part of plaintiff;

12. Any and all witnesses listed by any other party in this matter;

13. Any and all other witnesses needed for impeachment or rebuttal testimony;

14. As discovery is ongoing plaintiff reserves the right to amend this witness list.

## EXHIBIT LIST

1. Defendants' responses to discovery and all attachments thereto;

2. Any and all accident reports, written reports, witness statements or other written documents relating to plaintiff's accident including but not limited to:

    (1) BP Incident Report lasted modified August 19, 2012;

    (2) Minerals Management Service Incident Report dated August 23, 2012;

    (3) BP Incident Investigation Report including attachments dated October 4, 2012 (Draft);

    (4) BP Incident Investigation Report dated November 16, 2012 (Final);

    (5) DOL-WC-1007 Form - Employer First Report of Injury/Illness, DXP Incident Review, OSHA Form 301-Injuries and Illnesses Incident Report, "Five Why" One Page Report and Root Cause Analysis dated August 6, 2012;

    (6) DOL Form LS-202 Employer's First Report of Injury including DXP Incident Review, DXP Post Incident Training, OSHA Form 301-Injuries and Illnesses Incident Report, "Five Why" One Page Report and Root Cause Analysis;

    (7) BP OIM Andrew Koblenzer Notes;

    (8) Declaration of Wesley Rozas, GIS employee dated July 28, 2014;

    (9) Written Statement of Barrett Best;

    (10) Typed Statement of Brent Broussard;

    (11) Written Statement of Rickey Wolz;

    (12) Written Statement of Ricky McLemore;

    (13) Written Statement of Wesley Rozas;

    (1) Written Statement of Romy Arente GIS employee dated August 2, 2012;

2. Plaintiff's DXP Enterprises, Inc.'s personnel file;

3. Photographs of the hand;

4

4. Post-Surgery photograph taken July 25, 2013;

5. Post-Surgery photos taken August 8, 2013;

6. Black and White Photographs provided by BP of the accident site;

7. Work Control Certificate 00283439 Permit and Risk Assessment Form provided by BP;

8. GIS L.I.F.E. Analysis Worksheets-WP-SEA for July 30- August 1, 2012;

9. Signature Page of Work Control Certificate 00283429 Permit and Cold Work Breaking Containment Live dated August 2, 2012;

10. DXP Pump Removal Quotation dated July 24, 2012;

11. GIS HSE Manual 2011;

12. DXP Enterprises, Inc. Safety Manual Handbook;

13. Relevant Portions of the Master Agreement between BP and DXP;

14. B&S Welding, Inc. and-or Bourne International, Inc. Marine General Liability Insurance Policy No. 5100-0008;

15. GIS Holdings, LLC Excess Commercial General Liability Coverage Policy No. XSGL-073295;

16. BP's Personnel On Board Report dated Aug. 1, 2012;

17. Work Instruction Form;

18. WCC Permit;

19. Lift Plan (from 10.4.12 report);

20. DXP Enterprises, Inc. Employee Handbook;

21. DXP Recommended Procedures and Practices for Fire Pump Removal Handbook ;

22. Social Security Administration Itemized Statement of Earnings for 1972-2012;

23. Internal Revenue Service Tax Returns for 2009-2013;

24. Complete copy of any and all medical records, therapy records, medical reports, medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment including but not limited to any and all documents, medical records, films or other materials from the following healthcare providers:

    (1)     Dr. Jonathan Boraski, Westbank Plastic Surgery;
    (2)     West Jefferson Medical Center;
    (3)     Crescent City Anesthesia Services;
    (4)     Magnolia Physical Therapy;
    (5)     Concentra Medical Center;
    (6)     Slidell Memorial Hospital;
    (7)     Northshore Chiropractic Clinic;
    (8)     Dr. David J. Hildebrandt, DDS;
    (9)     Dr. William H Dabdoub, Associated Foot Surgeons;
    (10)    Northshore Regional Medical Center (Ochsner);
    (11)    of Ochsner Clinic (Northshore/Mandeville)
    (12)    Ochsner Medical Center (New Orleans Main Campus);
    (13)    Ochsner Northshore Medical Center (Slidell);
    (14)    Dr. Eric Tabor, Northshore Dermatology;
    (15)    St. Tammany Parish Hospital;
    (16)    Walgreen Company;

25. Any and all documents or sources relied upon by any experts in this matter including Dr. Cornelius E. Gorman, Dr. G. Randolph Rice, and Robert E. Borison. Such exhibits include but are not limited to, government sources and publications relied upon by such experts, interest rate tables, and any other documents as relied upon or referenced by such experts;

26. Any drawings attached to any witness depositions including the deposition of plaintiff;

27. Any and all documents needed for impeachment and rebuttal testimony;

28. Any and all exhibits listed by any other party;

As discovery is ongoing plaintiff reserves the right to reserve this exhibit list.

                Respectfully Submitted,

                *s/Tammy D. Harris*
                TIMOTHY J. YOUNG (22677)
                TAMMY D. HARRIS (29896)
                MEGAN C. MISKO (29803)
                THE YOUNG FIRM
                400 Poydras Street, Suite 2090
                New Orleans, Louisiana 70130
                Telephone:  (504) 680-4100
                Facsimile:   (504) 680-4101

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served on all counsel of record by electronic means, facsimile or depositing same in the U.S. Mail, postage prepaid and properly addressed this 26th day of January 2015.

          *s/Tammy D. Harris*
          TAMMY D. HARRIS